UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| STEVEN E. ROUSSEAU, | Case No. 16-CV-2007 (DSD/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| DR. KYLEEANN STEVENS, SPRTC, | |
| Defendant. | |

---

Plaintiff Steven E. Rousseau is committed to the St. Peter Regional Treatment Center ("SPRTC") as a vulnerable adult due to mental-health problems. *See* Compl. ¶ 7 [ECF No. 1]. Rousseau alleges that a fellow patient at SPRTC spiked his drink with isopropyl alcohol, as found in common glass cleaners, and that SPRTC failed to protect him from the misconduct. As a result, Rousseau brings claims pursuant to 42 U.S.C. § 1983 against one SPRTC officer.[1]

Rousseau did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. After review of the IFP application, this Court concludes that Rousseau qualifies financially for IFP status. That said, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not

---

[1] Rousseau is subject to filing restrictions in the District of Minnesota. On June 16, 2016, Magistrate Judge Janie S. Mayeron authorized Rousseau to submit this complaint, subject to screening should Rousseau apply for *in forma pauperis* status, which he has. *See* ECF No. 1-3.

limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

　　　The factual allegations in Rousseau's complaint are straightforward. Rousseau was involved in a verbal altercation with another SPRTC patient on August 29, 2014. *See* Compl. ¶ 8. The next day, Rousseau retrieved a drink from the peer refrigerator and noticed that it both smelled and tasted funny. *Id*. ¶ 9. SPRTC officials agreed with Rousseau's assessment and had the drink tested at a laboratory; those tests revealed that isopropyl alcohol was found in the drink. *Id*.; *see also* ECF No. 1-2 at 1. Rousseau strongly suspects that the patient with whom he was arguing the previous day tainted his drink, as she was the only individual with the motive to do so. The other patient denied culpability, however, and SPRTC officials did not take any action towards that patient or anyone else for the incident. Rousseau brings claims under § 1983 against one SPRTC official for "cruel and unusual punishment," "due process," and "neglect of a vulnerable adult." Compl. at 1. He seeks $500,000 in compensation. *Id*. at 6.

There are two technical problems with Rousseau's pleading worth mentioning briefly before turning to the most substantial fault with Rousseau's complaint.  First, Rousseau does not state whether he is suing defendant KyleeAnn Stevens in her individual capacity or in her official capacity as an officer of a facility managed by the State of Minnesota.  The complaint must therefore be interpreted as raising only official-capacity claims, *see Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989), which means that Rousseau has essentially brought a claim against the State of Minnesota itself.  But Rousseau seeks only monetary relief; the State of Minnesota is generally immune from claims for such relief, both on account of its sovereign immunity (as reflected by the Eleventh Amendment) and because it is not a "person" for purposes of § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989).  Second, even if Rousseau had brought an individual-capacity claim against Stevens, there is no basis in the complaint for concluding that Stevens should be held personally responsible for the events at issue.

Even leaving all this aside, however, it is highly doubtful that Rousseau could raise a § 1983 claim against *any* SPRTC official on the basis of the allegations in the complaint.  A person violates a detainee's constitutional rights "if he is deliberately indifferent to the need to protect [the detainee] from a substantial risk of serious harm from other [detainees]." *Newman v. Holmes*, 122 F.3d 650, 652 (8th Cir. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)); *accord Perkins v. Grimes*, 161 F.3d 1127, 1129-30 (8th Cir. 1998) (applying *Farmer* to pretrial detainee's claim of failure to protect); *Nelson v. Shuffman*, 603 F.3d 439, 446 (8th Cir. 2010) (applying *Farmer* to civil detainee's claim of failure to protect).  "To prove deliberate indifference, an inmate must make a two-part showing: 'The first requirement tests whether,

viewed objectively, the deprivation of rights was sufficiently serious. The second requirement is subjective and requires that the inmate prove that the prison officials had a 'sufficiently culpable state of mind.'" *Nelson*, 603 F.3d at 446 (quoting *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008)).

Assuming for purposes of this Recommendation that Rousseau would be able to establish the objective prong of this test, his claim nevertheless fails as he has not adequately alleged that any SPRTC official had a "sufficiently culpable state of mind" to constitute deliberate indifference. Apart from the verbal altercation the day prior — a verbal altercation about which SPRTC officials may or may not have been aware — there was no reason for any SPRTC official to suspect that Rousseau was at risk of harm due to the actions of a patient. Upon becoming aware of the risk, SPRTC officials tested Rousseau's drink (thereby confirming his suspicions that it had been altered) and conducted an investigation. The fact that SPRTC officials concluded there was not enough evidence to punish the other patient, despite Rousseau concluding otherwise, is not itself grounds for concluding that those SPRTC officials were deliberately indifferent to threats to Rousseau's health.

Even assuming for purposes of discussion that Rousseau has alleged that SPRTC officials were negligent in allowing other patients to have access to his drink in a communal area, § 1983 does not supply a basis for suits sounding in negligence. Such a claim would have to arise under state law. There is no basis for the Court's original jurisdiction over such a claim pleaded in the complaint, *see* Compl. ¶ 3, and the Eighth Circuit has instructed courts to not exercise supplemental jurisdiction over state-law claims where, as recommended here, all federal claims

are dismissed prior to trial, *see Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

For those reasons, this Court recommends that this action be summarily dismissed. Rousseau's state-law claim of negligence should be dismissed without prejudice, as this Court must decline to exercise jurisdiction over those claims. Because Rousseau's § 1983 claim, as pleaded, technically falters at the issue of the State of Minnesota's sovereign immunity, that claim must also be dismissed without prejudice, as the issue of sovereign immunity is jurisdictional as well. *See Fromm v. Commission of Veterans Affairs*, 220 F.3d 887, 890 (8th Cir. 2000); *Phillips v. Minnesota State Univ. Mankato*, No. 09-CV-1659 (DSD/FLN). 2009 WL 5103233, at *2-3 (D. Minn. Dec. 17, 2009). That said, although it is recommended that this matter be dismissed without prejudice, Rousseau is cautioned that any future complaint he submits bearing substantially the same allegations will be screened pursuant to this Court's standing order restricting Rousseau's ability to initiate litigation in this District unless the pleadings bear the signature of a duly admitted officer of the court or Rousseau has applied for and received the prior consent of a magistrate judge. *See Rousseau v. Casteneda*, No. 08-CV-1805 (DSD/JSM), ECF No. 5 (D. Minn. May 13, 2008).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff Steven E. Rousseau's application to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

Dated: July  26 , 2016          *s/ Tony N. Leung*
                                Tony N. Leung
                                United States Magistrate Judge

*Rousseau v. Dr. Kyleeann Stevens, SPRTC*
Case No. 16-CV-2007 (DSD/TNL)

# NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.